# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

FUDAIL GIBSON                                           Case No.

    PLAINTIFF,

v.                                                      JUDGE

DETROIT PUBLIC SAFETY DEPARTMENT

-and-

D.P.S. OFFICER ROBERT McDOWELL
DETROIT PUBLIC SAFETY DEPARTMENT

-and-

TPR KEVIN DOLAN #1438
MICHIGAN DEPARTMENT OF STATE POLICE

-and-

TPR JOHN DUFFY #1296
MICHIGAN DEPARTMENT OF STATE POLICE

-and-

MICHIGAN DEPARTMENT OF STATE POLICE

-and-

EASTERN DISTRICT/5TH PRECINCT
DETROIT POLICE DEPARTMENT

-and-

WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE

    DEFENDANTS.

_____

Frank J. Simmons II Sup. Ct. No. (0058498)
*Simmons & Simmons LLP*
18000 W. Nine Mile Rd. Suite 340
Southfield, MI 48075
Ph: 1 (419) 684-0865
_____

**COMPLAINT AND JURY DEMAND**

Now comes the Plaintiff, FUDAIL GIBSON, and states his cause(s) of action as follows:

1. This action arises under 42 USC 1983.  Jurisdiction is conferred by 28 USC 1331, 1343(3), (4). Plaintiff further requests that the Court invoke its Ancillary (Supplemental) Jurisdiction to hear the related State Law Claims before the Court in this case under 28 U.S.C. 1367.

2. Plaintiff FUDAIL GIBSON is a resident of the City of Highland Park, Wayne County, Michigan.

3. Defendant Detroit Public Safety Department is a division of the Detroit Public Schools, which is specifically responsible for the protection, law enforcement and the overall operation of safety within the Detroit Public School District.

4. Defendant ROBERT MCDOWELL at all material times was and is employed by Defendant Detroit Public Safety Department, as a Public Safety Officer.

5. Defendant Michigan Department of State Police is a Michigan state law enforcement agency authorized by the State of Michigan and duly empowered by the State to investigate, serve, protect and enforce the laws of the State.

6. Defendant KEVIN DOLAN at all material times was and is employed by Defendant Michigan Department of State Police, as a Michigan State Trooper.

7. Defendant JOHN DUFFY at all material times was and is employed by Defendant Michigan Department of State Police, as a Michigan State Trooper.

8. Defendant Detroit Police Department/Eastern District/5th Precinct is a local law enforcement agency empowered and authorized by the charter of the City of Detroit to protect and serve its residents.

9. Defendant Wayne County Prosecuting Attorney's Office is the governmental body empowered by Michigan state law and duly authorized to prosecute violators of the Michigan state criminal code within the County of Wayne.

10. When the events alleged in this complaint occurred, Defendant Public Safety Officer(s), Detroit Police Officers and Michigan State Troopers were acting within the scope of their employment and under color of law.

11. At all material times, Defendant WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE employed the Assistant Prosecuting Attorneys who prosecuted the Plaintiff and is liable for their acts. The county of WAYNE is also liable because of the WAYNE COUNTY PROSECUTING ATTORNEY OFFICE'S policies, practices, and customs, which lead to this complaint of violation.

12. On May 25, 2010, at or about 5:25 pm, Plaintiff was traveling west bound on I-94 in the City of Detroit Michigan, when he was ordered to pull over by Defendant Public Safety Officer ROBERT MCDOWELL (hereinafter referred to as "PSO MCDOWELL").

13. Plaintiff did pull over but when approached by Defendant PSO MCDOWELL, Plaintiff asked the reason for the traffic stop, then asked whether this Defendant was a PSO of the Detroit Public Schools.

14. Defendant PSO MCDOWELL answered in the affirmative. Plaintiff then pulled off in his vehicle realizing the Defendant PSO did not have reason or authority to stop nor detain him.

15. Defendant PSO MCDOWELL then proceeded after the Plaintiff who continued to travel westbound on I-94. Defendant PSO MCDOWELL contacted the Michigan State Police indicating the incident.

16. Plaintiff was pulled over by the Michigan State Police, arrested and placed in the custody of the Detroit Police Department when Detroit Police Department units arrived at the scene on the charge of Flee and Elude Police Officer.

17. Plaintiff indicated that he did not understand why he was being stopped and stated that there were no guns nor contraband in the vehicle.

18. Plaintiff's car was impounded at the scene by the Detroit Police Department.

19. The Plaintiff was originally charged with one count of Flee or Elude Police Officer. A preliminary examination was held in the 36th District Court on June 10, 2010 before the Hon. E. Lynise Bryant-Weekes.

20. After hearing testimony of complainant PSO ROBERT MCDOWELL, the Court declined to bind the defendant over on the charge of Flee or Elude Police Officer 4th degree with Defendant PSO ROBERT MCDOWELL as complainant.

21. The Defendant WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employee/agent, moved to amend the information charging document to add Defendant MICHIGAN DEPARTMENT of STATE POLICE TROOPERS KEVIN DOLAN and JOHN DUFFY as complainants. The Court granted the motion and bound the Plaintiff over to the Wayne County Circuit Court as charged.

22. On August 6, 2010, the Defendant WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employees/agents filed a motion in the Wayne County Third Circuit Court-Criminal Division, requesting that the Court reinstate the charge of Flee or Elude Police Officer 4th degree as to complainant Defendant PSO ROBERT MCDOWELL.

23. On September 2, 2010, Third Circuit Court Judge Annette J. Berry heard the matter on the motions of the parties and signed an order of dismissal as to Plaintiff FUDIAL GIBSON.

COUNT I

FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully rewritten herein.

25. Plaintiff FUDIAL GIBSON'S constitutionally protected rights that Defendant's violated include the following:

> a. his right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

    b. his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

26. Defendant Officers/Troopers acting under color of state law, took Plaintiff FUDAIL GIBSON into physical custody and remanded him into the custody of the Defendant Detroit Police Department, giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

27. Defendants' violation of their affirmative duties, their intervention in detaining Plaintiff without charging him for an infraction prior to arrest for the Flee and Elude Police Officer charge, the subsequent arrest and imprisonment while Plaintiff was in the Defendants' custodial control is a direct and proximate cause of the deprivation of Plaintiff FUDAIL GIBSON'S constitutional rights described above.

28. Defendant Officers/Troopers acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff FUDAIL GIBSON'S constitutional rights.  Further, Defendant WAYNE COUNTY PROSECUTING ATTORNEY OFFICE'S actions in prosecuting the Plaintiff in spite of a denial by the 36th District Court to bind over the Plaintiff for prosecution showed deliberate indifference, malice and/or wanton disregard as to Plaintiff FUDAIL GIBSON'S constitutional rights, in fact was a deprivation of his constitutionally protected rights.

29. As a direct and proximate result of Defendants conduct, Plaintiff FUDAIL GIBSON suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

30. Defendants Detroit Public Safety Department, Michigan Department of State Police and Detroit Police Department, acting under color of state law, authorized, tolerated, ratified or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff FUDAIL GIBSON.

31. As a direct and proximate result of these policies, practices, and customs, Plaintiff FUDAIL GIBSON was deprived of his constitutionally protected rights described above.

## COUNT II

## FALSE ARREST AND FALSE IMPRISONMENT

32. Plaintiff incorporates by reference paragraphs 1 through 31 as if fully rewritten herein.

33. The Defendant Officers/Troopers actions including detaining and arresting the Plaintiff constitute false arrest and false imprisonment.

34. As a direct and proximate result of Defendants conduct, Plaintiff FUDAIL GIBSON suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

35. For such unlawful violations of Plaintiff's rights, the Defendants are liable in damages.

## COUNT III

## GROSS NEGLIGENCE

36. Plaintiff incorporates by reference paragraphs 1 through 35 as if fully rewritten herein.

37. Defendant Officers/Troopers acting under color of state law, took Plaintiff FUDAIL GIBSON into physical custody and remanded him into the custody of the Defendant Detroit Police Department, giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

38. Defendants' breached their affirmative duties by their intervention in detaining Plaintiff without charging him for an infraction prior to arrest for the Flee and Elude Police Officer charge, therefore the subsequent arrest and imprisonment while Plaintiff was in the Defendants' custodial control is a direct and proximate cause of the deprivation of Plaintiff FUDAIL GIBSON'S constitutional rights described above.

39. Defendant Officers/Troopers acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff FUDAIL GIBSON'S constitutional rights.

40. The actions of the Defendant's constitute gross negligence and a violation of the Plaintiff's rights and as a direct and proximate result the Plaintiff suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

41. For such gross negligence, the Defendants are liable to the Plaintiff for damages.

## COUNT IV

**NEGLIGENCE: FAILURE TO PROPERLY AND ADEQUATELY TRAIN**

42. Plaintiff incorporates by reference paragraphs 1 through 41 as if fully rewritten herein.

43. The Defendants Detroit Public Safety Department, Michigan Department of State Police and Detroit Police Department have an affirmative duty to properly and adequately provide police training to its officers and troopers.

44. Defendants Detroit Public Safety Department, Michigan Department of State Police and Detroit Police Department by acting under color of state law, and by breaching their duty to provide adequate police training, authorized, tolerated, ratified or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff FUDAIL GIBSON.

45. As a direct and proximate result of these policies, practices, and customs, Plaintiff FUDAIL GIBSON was deprived of his constitutionally protected rights described above.

46. The failure of the Defendants to provide adequate police training constitutes negligence and a violation of the Plaintiff's rights and as a direct and proximate result the Plaintiff suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

47. For such negligence, the Defendants are liable to the Plaintiff for damages.

## COUNT V

## MALICIOUS PROSECUTION

48. The Plaintiff incorporates by reference paragraphs 1 through 47 as if fully rewritten herein.

49. Defendant WAYNE COUNTY PROSECUTING ATTORNEY OFFICE'S actions in prosecuting the Plaintiff in spite of a denial by the 36th District Court to bind over the Plaintiff for prosecution showed deliberate indifference, malice and/or wanton disregard as to Plaintiff FUDAIL GIBSON'S constitutional rights, in fact was a deprivation of his constitutionally protected rights.

50. The Defendant WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employee/agent, moved to amend the information charging document to add Defendant MICHIGAN DEPARTMENT of STATE POLICE TROOPERS KEVIN DOLAN and JOHN DUFFY as complainants. The Court granted the motion and bound the Plaintiff over to the Wayne County Circuit Court as charged.

51. On August 6, 2010, the Defendant WAYNE COUNTY PROSECUTING ATTORNEY'S OFFICE through its employees/agents filed a motion in the Wayne County Third Circuit Court-Criminal Division, requesting that the Court reinstate the charge of Flee or Elude Police Officer 4th degree as to complainant Defendant PSO ROBERT MCDOWELL.

52. As a direct and proximate result of Defendant's conduct, Plaintiff FUDAIL GIBSON suffered physical and emotional injury, loss of income, contracts and employment, loss of freedom and other constitutionally protected rights described above.

53. For such unlawful violations of Plaintiff's rights, the Defendants are liable in damages.

PLAINTIFF REQUESTS that this court enter judgment against Defendants jointly and severally in an amount consistent with the damages sustained.

*Simmons & Simmons LLP*

**By:** /s/ Frank J. Simmons II
Frank J. Simmons II Sup. Ct. No. (0058498)
18000 W. Nine Mile Rd. Suite 340
Southfield, MI 48075
PH: (248) 327-6380